Dear Dr. Goldsby:
Our office received an opinion request from you regarding questions that have arisen concerning action taken by the Town of Amite City Board of Aldermen on the subject of the proposed budget, fiscal year ending (FYE) June 30, 2009. This request has been assigned to me for research and reply.
According to the information you provided our office, the Town of Amite City has meetings scheduled for the Board of Aldermen on the first Tuesday of every month. Town of Amite Ordinance 2-1002. The Mayor cancelled the regular monthly meeting scheduled on August 5, 2008 and rescheduled the meeting for August 12, 2008. Additionally, on July 23, 2008, the Town of Amite City advertised for a public hearing to consider the proposed budget fiscal year ending (FYE) June 30, 2009. The advertisement stated that the public hearing was set for August 12, 2008 at 7 p.m.
On August 5, 2008, three of the five aldermen held the regular monthly meeting. Prior to the meeting, a public hearing on the proposed budget was held. The public hearing on the proposed budget was not advertised for the August 5, 2008 meeting; instead, it was advertised for August 12, 2008.
After the public hearing, the meeting was called to order. The Board considered the agenda items, including the proposed budget FYE June 30, 2009. The Board discussed the proposed budget, made motions, seconded the motions, and voted on line item changes in the proposed budget. The entire budget ordinance was adopted, with amendments, by roll call vote.
On August 12, 2008, the Mayor and two aldermen came together for the advertised public hearing and special meeting. Since a quorum was not present, the special *Page 2 
meeting and public hearing were continued until August 25, 2008. The public hearing was held on August 25, 2008 along with the continued meeting. During the August 25, 2008 meeting, the proposed budget was discussed but no vote was taken.
Now, you have requested an opinion from our office regarding whether line items changes to the proposed budget FYE June 30, 2008 made at the August 5, 2008 meeting are in effect and should be included in the vote on the final budget amendment.
La.R.S. 33:405(A)(2) provides that "[t]he mayor and board of aldermen shall hold not less than one regular meeting in each month on a date and at a place and hour to be fixed by ordinance." Further, La.R.S. 33:405(F) provides that "a meeting, whether regular, special, or emergency, may be continued to another date announced at the meeting with the consent of a majority of the members of the board" and where there is a lack of a quorum, the meeting may be continued to a date announced at the meeting with the consent of the majority of aldermen present, or if only one is present, he sets a date. This indicates to us the procedure to be followed is to continue a meeting to another date, or simply adjourn, rather than having the mayor unilaterally cancel a meeting set by ordinance. Therefore, we are of the opinion that the mayor, on his own initiative, cannot cancel a regular meeting set by ordinance which is the law of the municipality. See La. Atty. Gen Op. Nos. 93-644 and 08-0109.
Based on the information you provided, the regular meeting on August 5, 2008 was legally held, as per Ordinance 2-1002, and is considered the regular monthly meeting. However, the question remains whether the vote on the proposed budget taken during the August 5, 2008 meeting was valid as it was held prior to the scheduled and advertised public hearing.
La.R.S. 33:404(A)(5) provides that the mayor "shall prepare and submit an annual operations budget and a capital improvements budget for the municipality to the board of aldermen in accordance with the provisions of R.S. 39:1301 et seq. and any other supplementary laws or ordinances." Additionally, the Louisiana Local Government Budget Act, La.R.S. 39:1301
et seq, addresses public participation in the budgetary process prior to a political subdivision's adoption of a budget with total proposed expenditures of $500,000 or more. Specifically, La.R.S. 39:1307
provides:
 A. Political subdivisions with total proposed expenditures of five hundred thousand dollars or more from the general fund and any special revenue funds in a fiscal year or other similar budgetary period shall afford the public an opportunity to participate in the budgetary process prior to adoption of the budget.
 B. Upon completion of the proposed budget and, if applicable, its submission to the governing authority, the political subdivision shall cause to be published a notice stating that the proposed budget is available for public inspection. The notice shall also state that a public hearing on *Page 3 the proposed budget shall be held with the date, time, and place of the hearing specified in the notice. The notice shall be published at least ten days prior to the date of the first public hearing. Where applicable, publication shall be in the official journal of the political subdivision. Where there is no requirement that the political subdivision have an official journal, publication shall be in the official journal of the governing authority of the parish in which the political subdivision is located. In cases where the political subdivision is located within the boundaries of more than one parish, publication shall be in the official journal of the governing authority of each parish.
 C. No proposed budget shall be considered for adoption or otherwise finalized until at least one public hearing has been conducted on the proposal. Nothing herein shall prohibit one or more political subdivisions from conducting joint public hearings.
 D. The political subdivision shall certify completion of all action required by this Section by publishing a notice in the same manner as is herein provided for the notice of availability of the proposed budget and public hearing. (Emphasis added).
In accordance with this provision, a political subdivision with a total proposed expenditure of $500,000 or more shall, upon completion of its proposed budget, publish a notice stating that the proposed budget is available for public inspection. The notice must also state that a public hearing shall be held on the proposed budget and must specify the date, time and place of the hearing. The provision provides that a proposed budget shall not be considered for adoption or otherwise finalized until at least one public hearing has been held on the proposed budget.
Therefore, the adoption of the proposed budget at the regular meeting on August 5, 2008 is not valid. The proposed budget cannot be adopted prior to an advertised public hearing.
In conclusion, a mayor cannot unilaterally move a regular monthly meeting of the board of aldermen which is set by ordinance. Furthermore, the proposed budget of a political subdivision with a total proposed expenditure of $500,000 or more cannot be considered for adoption or otherwise finalized until at least one public hearing has been conducted on the proposal. Notice of the public hearing must be published at least ten days prior to the date of the first public hearing. *Page 4 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 ERIN C. DAY
 ASSISTANT ATTORNEY GENERAL
 JDC/ECD/sfj